Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: 310-546-7400

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

Alan M. Kindred, Esq. (SBN 135145)
akindred@leechtishman.com
Ivan Posey (SBN 196386)
iposey@leechtishman.com
LEECH TISHMAN FUSCALDO & LAMPL, LLP
The Walnut Plaza
215 N. Marengo Avenue, Suite 135
Pasadena, California 91101
Phone: 626-817-7500

*Attorneys for Defendant*
*Ross Stores, Inc. dba DD's Discounts*

FILED
CLERK, U.S. DISTRICT COURT
JAN 1 3 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>                Plaintiffs,<br>vs.<br><br>ROSS STORES, INC., a Delaware Corporation dba DD'S DISCOUNTS, and DOES 1-10, inclusive,<br><br>                Defendants | CASE NO. CV 13-05903-SVW-E<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

[PROPOSED] PROTECTIVE ORDER

# STIPULATED DISCOVERY PROTECTIVE ORDER

The Court, having reviewed the *Joint Stipulation re Protective Order,* entered into on January 13, 2014, between Plaintiffs Coach, Inc. and Coach Services, Inc. and Defendant Ross Stores, Inc, dba DD's Discounts (the "Parties"), and for good cause shown, and to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony and other evidence hereby rules as follows:

**IT IS HEREBY ORERED** that:

1.  Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this action ("Discovery Material") which is in good faith considered to contain or constitute any confidential or proprietary research, development, commercial, or financial information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party providing such Discovery Material (the "Producing Party") as provided herein. CONFIDENTIAL Discovery Material, designated as such in accordance with this Order, shall be disclosed or made available only to persons permitted by paragraphs 3, 4 and 5. HIGHLY CONFIDENTIAL Discovery Material may include, but is not limited to, pricing information,

sales information, sensitive strategic planning information and competitively sensitive information.

2. CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be designated as subject to this Discovery Protective Order as follows:

    a. With respect to documents or copies provided by one party or its licensees to the other, by marking the document with the legend "SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL or HIGHLY CONFIDENTIAL" or a marking of like import at the time of production of the documents. In the case of tangible things: by placing a label or tag on the object or on its container containing the legend "SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL or HIGHLY CONFIDENTIAL," or, if not practicable, as otherwise agreed, at the time of production, disclosure or inspection.

    b. In the event that a Producing Party elects to produce documents or things for inspection, no confidentiality designation need be made prior to the inspection. For purposes of the inspection, all documents and things shall be considered "SUBJECT TO PROTECTIVE ORDER," thereby making them subject to this Order. However, upon production of such documents the Producing Party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in accordance with

subparagraph (a) above.

      c.    Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information that is to be made subject to the provisions of this Order. Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying the other parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, those portions of the testimony that arc to be designated SUBJECT TO PROTECTIVE ORDER. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL from the taking of the deposition until thirty (30) days after receipt of the transcript.

      Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material under paragraphs 3-5 may attend a deposition at which CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may

be disclosed. However, the designating party shall have the right to exclude such persons from the deposition during the period any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is disclosed or discussed.

        d.    In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and all information contained therein may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by prominently marking such paper with the legend "SUBJECT TO PROTECTIVE ORDER" and CONFIDENTIAL or HIGHLY CONFIDENTIAL or a marking of like import.

    3.    CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be made available to and inspected by Plaintiff's outside counsel of record, including lawyers, employees and staff of the law firm working under the supervision of such outside counsel, including regular and temporary employees, contractors and agents, court reporters, and photocopying and/or graphics services, provided however that such counsel will not make such CONFIDENTIAL Discovery Material available to employees of the Plaintiff, including legal personnel in the legal department of Plaintiff. The current Plaintiff's outside counsel of record are listed below:

| | |
|---|---|
| Brent H. Blakely | Tel: 310-546-7400 |
| Michael Marchand | Fax: 310-546-7410 |
| BLAKELY LAW GROUP | bblakely@blakelylawgroup.com |
| 1334 Parkview Avenue | mmarchand@blakelylawgroup.com |
| Suite 280 | |
| Manhattan Beach, CA 90266 | |

4. CONFIDENTIAL Discovery Material, and any analysis or report containing CONFIDENTIAL Discovery Material may be made available to and inspected by any of Defendant's outside counsel of record, including lawyers, employees and staff of the law firm working under the supervision of such outside counsel, including regular and temporary employees, contractors and agents, court reporters, and photocopying and/or graphics services, provided however that such counsel will not make such CONFIDENTIAL Discovery Material available to employees of the Defendant, including legal personnel in the legal department of Defendant. The current Defendant's outside counsel of record are listed below:

| | |
|---|---|
| Alan M. Kindred | Tel: (626) 817-7500 |
| Ivan Posey | Fax: (213) 559-8822 |
| LEECH TISHMAN | iposey@leechtishman.com |
| FUSCALDO & LAMPL, LLP | |
| The Walnut Plaza | |
| 215 North Marengo Avenue, | |
| Suite 135 | |
| Pasadena, California 91101 | |

5. CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be disclosed to

independent experts and independent consultants (including jury consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. As a condition precedent to disclosure of CONFIDENTIAL Discovery Material to any such person, he or she must: acknowledge receipt and understanding of this Discovery Protective Order; agree to be bound thereby; agree to use the CONFIDENTIAL Discovery Material solely for this litigation, and not to disclose any CONFIDENTIAL Discovery Material to any other person, firm, or concern in violation of this Discovery Protective Order; and agree never to use any CONFIDENTIAL Discovery Material, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each such person shall execute a declaration acknowledging the foregoing, in the form annexed hereto as Exhibit 1, before receiving any CONFIDENTIAL Discovery Material, which shall be retained by counsel for the party retaining such expert and will be available for inspection by opposing counsel if and when any expert is identified as a testifying expert.

     6.    HIGHLY CONFIDENTIAL Discovery material may be viewed or disclosed only to counsel of record for the parties and authorized court personnel. No client, expert or other person shall be entitled to access any

HIGHLY CONFIDENTIAL information. No information marked HIGHLY CONFIDENTIAL shall be used in any pleading or other Court document without an order in advance of the filing that the information must be filed under seal.

7. Any pleading, brief, declaration, affidavit, or other public filing marked "CONFIDENTIAL" or containing CONFIDENTIAL Discovery Material shall be filed electronically under seal, together with a motion to seal, provided, however, that the burden of establishing the criteria for sealing shall at all times be on the party which designated the Discovery Material "CONFIDENTIAL".

8. A witness at a deposition or trial, who is not authorized to receive CONFIDENTIAL information pursuant to paragraphs 3-5, may be shown any document that contains or reveals CONFIDENTIAL Discovery Material only if the designated CONFIDENTIAL information appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals CONFIDENTIAL Discovery Material if the witness is an officer, director, agent, or employee of the Producing Party.

9. A document that contains or reveals CONFIDENTIAL Discovery Material may be shown to any person indicated in such document to be its originator or author of the recipient of a copy.

10. All documents and information produced in response to discovery demands in this action, including CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material obtained from a Producing Party may be used and disclosed only for purposes of defending or prosecuting this action for which it is produced. No party or person shall make any other use of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material without prior written permission from the Producing Party.

11. Nothing in this Discovery Protective Order shall be construed as an agreement or admission with respect to the competency, relevance, or materiality of any such information, document, or the like.

12. In the event that any party disagrees with the designation by the Producing Party of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the parties shall promptly make a good-faith effort to resolve the dispute. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

13. The inadvertent or unintentional failure by the Producing Party to designate specific Discovery Material as CONFIDENTIAL or HIGHLY

CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such Discovery Material. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed Discovery Material, without prejudice to the receiving party's right to challenge the designation pursuant to paragraph 12.

14. The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity will not constitute waiver of, estoppel as to, or otherwise prejudice any claim of such immunity or privilege. In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver or estoppel in this or any other case. If a party has inadvertently produced Discovery Material subject to a claim of immunity or privilege, upon request of the Producing Party, any documents and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after such request is made, as required by Fed. Rule Civ. Pro. 26(b)(5)(B). Moreover, to the extent practical and reasonable, any notes or summaries, other than those expressly permitted under this section referring to or relating to any such inadvertently produced Discovery Material subject to a claim of immunity or privilege shall be destroyed. After the return of the

Discovery Material, the receiving party may challenge the Producing Party's claim(s) of immunity or privilege by making a motion to the Court.

15. Nothing in this Discovery Protective Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

16. (a) Within sixty (60) days after the conclusion of this action, including any appeals, all Discovery Material designated CONFIDENTIAL and HIGHLY CONFIDENTIAL, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place. Notwithstanding the forgoing, counsel for the parties may retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto, expert reports, discovery requests and responses, and correspondence despite the presence of CONFIDENTIAL information in those materials. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no

restriction on documents that are used as exhibits in trial (unless such exhibits were filed under seal); and (ii) that plaintiffs may seek the written permission of the Producing Party with respect to dissolution or modification of any such Order(s).

(b) This Court shall retain jurisdiction over the parties and this Discovery Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Discovery Protective Order or its terms.

17. This Discovery Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

18. The terms of this Discovery Protective Order shall be applicable to any third party who produces Discovery Material which is designated by such third party as CONFIDENTIAL. A copy of this Order shall be served along with any subpoena served in connection with this action.

19. Nothing in this Discovery Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon

good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Discovery Material.

20. Nothing in this Discovery Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced by any other party or non-party.

**IT IS SO ORDERED**

DATED: 1/13/14,

Hon. Charles F. Eick
**United States Magistrate Judge**